# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Christianna Witkoski

### DEFENDANTS
Avtarjeet Singh a/k/a Avtarjeet None Singh Jhajj & Avatarjeet Singh Jhajj and Tibbi Express, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Murray L. Greenfield & Associates
9636 Bustleton Avenue, Philadelphia, PA 19115
215-677-5300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [x] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332

Brief description of cause:
MOTOR VEHICLE NEGLIGENCE

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 5/25/21
SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTRN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIANNA WITKOSKI<br>96 Pennsylvania Avenue<br>Oreland, PA 19075<br>　　　　　　　Plaintiff<br><br>v.<br><br>AVTARJEET SINGH a/k/a AVTARJEET<br>NONE SINGH JHAJJ & AVTARJEET<br>SINGH JHAJJ<br>c/o Tibbi Express, Inc.<br>1171 Route 130 North<br>Robbinsville, NJ 08691<br><br>TIBBI EXPRESS, INC.<br>1171 Route 130 North<br>Robbinsville, NJ 08691<br>　　　　　　　Defendants | CIVIL ACTION<br><br>NO.<br><br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

### I. PARTIES

1. Plaintiff, Christianna Witkoski, is an adult individual residing at 96 Pennsylvania Avenue in Oreland, Pennsylvania.

2. Defendant, Avtarjeet Singh a/k/a Avtarjeet None Singh Jhajj & Avtarjeet Singh Jhajj (Hereinafter referred to as Avtarjeet Singh), is an adult individual residing at 4610 W. Summerside Road in Laveen, Arizona.

3. Defendant, Tibbi Express, Inc., is a business entity duly organized and existing pursuant to the laws of the State of New Jersey with business offices located at 1171 Route 130 North in Robbinsville, New Jersey.

### II. JURISDICTION AND VENUE

4. The Court has jurisdiction over the lawsuit under 28 U.S.C. Section 1332 because Plaintiff and Defendants are deemed citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Venue is proper in the United States District Court for the Eastern District of Pennsylvania, under 28 U.S.C. Section 1391, as Montgomery County. Pennsylvania is where the accident occurred.

## III. FACTS

6. On or about July 5, 2019, at approximately 11:00 a.m., Plaintiff, Christianna Witkoski, was stopped for traffic while traveling northbound on Bethlehem Pike in Montgomery Township, Pennsylvania when suddenly, and without warning, a tractor trailer operated by Defendant, Avtarjeet Singh, and owned by Defendants, Tibbi Express, Inc. and/or Avtarjeet Singh crashed into the rear of Plaintiff's vehicle – causing Plaintiff to sustain injuries as herein set forth.

7. For all times relevant hereto, Defendant Avtarjeet Singh was acting in his capacity as an agent and/or employee of Defendant, Tibbi Express, Inc.

8. This accident was caused solely from the negligence and carelessness of Defendants and was in no manner whatsoever due to any act of negligence on the part of Plaintiff.

## COUNT I – NEGLIGENCE
## CHRISTIANNA WITKOSKI v. AVTARJEET SINGH

9. Plaintiff, Christianna Witkoski, hereby incorporates Paragraphs 1-8 as if same were set forth at length herein.

10. The negligence and carelessness of Defendant, Avtarjeet Singh consisted, inter alia, of any and all of the following:

    (a) failure to properly operate said vehicle;
    (b) failure to remain in a single lane;
    (c) failure to apply the brakes sufficiently in time to avoid an accident;
    (d) failure to properly calculate distance of vehicle with respect to other vehicles on the road;

(e) failure to drive at a reasonable speed;
(f) failure to be aware of other vehicles on the roadway;
(g) failure to remain in control of the vehicle;
(h) failure to use all prudent and necessary care for vehicular travel under the circumstances;
(i) failure to properly inspect, maintain and/or service the vehicle to insure it was safe to operate;
(j) violating applicable ordinances and codes for the Commonwealth of Pennsylvania and such other statutes and case law governing the operation of motor vehicles on highways;
(k) such other acts of negligence and/or carelessness as may be adduced through discovery or at trial.

11. Due to all foregoing, Plaintiff, Christianna Witkoski, suffered severe, permanent, and disabling personal injuries to the bones, muscles, nerves, tendons, tissues, discs, and blood vessels of her body as well as severe emotional upset, any and all of which are or may be permanent and all of which caused her great physical pain and mental anguish, with respect to the following, including but not limited to: a disc protrusion/herniation at C5-6, which indents the ventral thecal sac and narrows the central spinal canal, cervical radiculopathy, bilateral L5 radiculopathy, facet and supraspinous ligament pathology in the cervical and lumbar spine secondary to widespread trigger point activity, which produces scalene hypertonicity resulting in bilateral thoracic outlet syndrome, post-accident depression, anxiety and nightmares, cervical, thoracic and lumbar sprain and strain, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform her daily life activities, and the full extent of which is not yet known.

12. As a further result of the said accident, Plaintiff has suffered severe pain, mental anguish, humiliation, and embarrassment, and she will continue to suffer same for an indefinite period of time in the future.

13. As a further result of the said accident, Plaintiff has and will probably in the future, be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries she has suffered.

14. Plaintiff has incurred medical expenses that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries she sustained in this accident.

15. As a further result of the said accident, Plaintiff has been unable to attend to her daily chores, duties, and occupations, and she will be unable to do so for an indefinite time in the future, all to her great financial detriment and loss.

16. As a further result of the said accident, Plaintiff has and will suffer severe loss of her earnings and/or impairment of her earning capacity.

**WHEREFORE**, Plaintiff, Christianna Witkoski, demands judgment in her favor and against Defendant, Avtarjeet Singh in an amount in excess of $75,000.00 together with interest and cost of suit.

## COUNT II – NEGLIGENCE
## CHRISTIANNA WITKOSKI v. TIBBI EXPRESS

17. Plaintiff, Christianna Witkoski, hereby incorporates Paragraphs 1-16 as if same were set forth at length herein.

18. The negligence and carelessness of Defendant, Tibbi Express, Inc. consisted, inter alia, of any and all of the following:

(a) negligently entrusting the vehicle to persons they knew or should have known were unfit and/or unable to operate same;
(b) failure to properly inspect, maintain and/or service the vehicle to insure it was safe to operate;
(c) violating applicable ordinances and codes for and such other statutes and case law governing the inspection, maintenance, service and/or operation of motor vehicles on highways;

(d) such other acts of negligence and/or carelessness as may be adduced through discovery or at trial.

19. Due to all foregoing, Plaintiff, Christianna Witkoski, suffered severe, permanent, and disabling personal injuries to the bones, muscles, nerves, tendons, tissues, discs, and blood vessels of body as well as severe emotional upset, any and all of which are or may be permanent and all of which caused her great physical pain and mental anguish, with respect to the following, including but not limited to: a disc protrusion/herniation at C5-6, which indents the ventral thecal sac and narrows the central spinal canal, cervical radiculopathy, bilateral L5 radiculopathy, facet and supraspinous ligament pathology in the cervical and lumbar spine secondary to widespread trigger point activity, which produces scalene hypertonicity resulting in bilateral thoracic outlet syndrome, post-accident depression, anxiety and nightmares, cervical, thoracic and lumbar sprain and strain, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform her daily life activities, and the full extent of which is not yet known.

20. As a further result of the said accident, Plaintiff has suffered severe pain, mental anguish, humiliation, and embarrassment, and she will continue to suffer same for an indefinite period of time in the future.

21. As a further result of the said accident, Plaintiff has and will probably in the future, be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries she has suffered.

22. Plaintiff has incurred medical expenses that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries she sustained in this accident.

23. As a further result of the said accident, Plaintiff has been unable to attend to her daily chores, duties, and occupations, and she will be unable to do so for an indefinite time in the future, all to her great financial detriment and loss.

24. As a further result of the said accident, Plaintiff has and will suffer severe loss of her earnings and/or impairment of her earning capacity.

**WHEREFORE**, Plaintiff, Christianna Witkoski, demands judgment in her favor and against Defendant, Tibbi Express, Inc. in an amount in excess of $75,000.00 together with interest and cost of suit.

MURRAY L. GREENFIELD & ASSOCIATES

Murray L. Greenfield, Esquire
9636 Bustleton Avenue
Philadelphia, PA 19115
murraygreenfield@verizon.net
Ph. (215) 677-5300
Fax (215) 677-8625
Attorney for Plaintiffs

Dated: 5/25/21

VERIFICATION

I, CHRISTIANNA WITKOSKI, verify that the statements made in this pleading are true and correct. I understand that false statements herein are made subject to the penalties of 28 U.S. Code § 1746 relating to unsworn falsification to authorities.

*Christianna Witkoski*
CHRISTIANNA WITKOSKI

Date: 5/20/21